UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RANDY BROWN,**  Plaintiff,  v.  **CITY OF ESSEX COUNTY STATE OF NEW JERSEY, NEW JERSEY PROBATION DIVISION - CHRISTOPHER STANECKI, ESSEX COUNTY SHERIFF'S DEPARTMENT - ARMANDO FONTOURA,**  Defendants. | Civil Action No. 2:10-03980  OPINION  HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants County of Essex (improperly pled as "City of Essex County State of New Jersey"), Essex County Sheriff's Office and Armando B. Fontoura's motion to dismiss all negligence claims pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motion is **GRANTED** and Plaintiff's common law tort claims as to all Defendants are **DISMISSED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Plaintiff Randy Brown's bail hearing in Manhattan Criminal

Court on September 24, 2009.  (Compl. ¶ 6.)  At that hearing, Plaintiff alleges he was denied bail due to a separate, outstanding warrant from Essex County, New Jersey ("Essex County Warrant") that turned up when his name was run through the system. (*Id.*)   Plaintiff claims that the Essex County Warrant is for a different person, possibly named Dwayne Brown, and he has tried to address the mistake with both Essex County and the Manhattan Criminal Court.  (Compl. ¶ 21.)  The Manhattan Criminal Court seems to have agreed with Plaintiff and "dismissed" this outstanding warrant on October 1 or 16, 2009.[1]  (Compl. ¶¶ 11, 30.)  However, Plaintiff claims that he had already incurred damages, since he had been remanded and not granted bail, and since he was classified by the Department of Corrections as a "high" offender based on the presence of the Essex County Warrant.  (Compl. ¶ 12.)  He was moved to "low" classification on January 21, 2010. (Compl. ¶ 27.)   Plaintiff's multiple filings seem to indicate that he served a prison sentence, or was otherwise detained, through April or May of 2010 as a result of the charges in Manhattan Criminal Court.[2]  While the Manhattan Criminal Court "dismissed" the Essex County Warrant, Plaintiff alleges that he was unable to fully clear it off his

---

[1] While the Plaintiff describes the action by the Manhattan Criminal Court as a "dismissal" of the warrant, the Court interprets this to mean that the Manhattan Criminal Court took the outstanding warrant off of his record (either generally, or with the Department of Corrections).  Plaintiff is not contending that the Essex County Warrant itself is invalid, he is only asserting that the person named in the warrant is a different individual.

[2] There is little, if any, information provided regarding the actual charges against Plaintiff in Manhattan Criminal Court, but these charges are not at issue.  Plaintiff is only claiming that the presence of an outstanding warrant from New Jersey on his record affected his bail amount and classification while imprisoned, not that the warrant affected any sentence he may have received in Manhattan Criminal Court.

record without the help of Essex County.  Plaintiff also alleges that his Department of Corrections records  the birth date listed on the Essex County Warrant and not his actual birth date.  (Compl. ¶ 24.)  Essentially, Plaintiff is claiming that Defendants did not do enough to help clear up the mix-up regarding the outstanding warrant, despite his repeated requests.

As a result of the events stated above, Plaintiff filed a complaint in the Superior Court of New Jersey alleging a variety of claims against Defendants.  The case was then removed on August 4, 2010.  Plaintiff's asserted claims are somewhat difficult to decipher,[3] but appear to include the following: (1) negligence, (2) defamation or slander,[4] (3) false imprisonment, and (4) claims for violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  Defendants County of Essex (improperly pled as "City of Essex County State of New Jersey"), Essex County Sheriff's Office and Armando B. Fontoura now bring a motion to dismiss all negligence claims.[5]

---

[3] In determining what constitute Plaintiff's asserted claims, the Court refers first to the numbered assertions provided on Plaintiff's "Form A," included in the Complaint, and then to the claims asserted throughout the Complaint itself, particularly the references to constitutional claims in Paragraph 53 of the Complaint.

[4] While the Plaintiff listed "slander" as a separate claim on the "Form A" that was initially submitted in state court, the Court will refer to defamation and slander as one claim. Since slander is a specific form of defamation, there is no need to refer to it as a separate cause of action.

[5] While the Superior Court of New Jersey, Essex Vicinage, Probation Division ("Probation Division") did not join in this motion, as they were initially unaware of the removal and are currently requesting an extension of time to answer, the request in this motion equally applies to the Probation Division.  Therefore, unless otherwise clarified, the Court will use the term "Defendants" to refer to all the defendants, not just those that filed the motion at hand.

**II.     DISCUSSION**

    **A.     Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[6] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility...." *Iqbal*, 129 S.Ct. at 1949 (2009).

---

[6] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### B.     New Jersey Tort Claims Act

Under the New Jersey Tort Claims Act ("NJTCA"), a party must file a notice of claim, within ninety days of when the claim accrues, before asserting a tort claim against a public entity or public employee. N.J. Stat. Ann. § 59:8-8. If no notice is filed, the party is forever barred from recovery. *Id.* Since all of the defendants in this case are either public entities or public employees, these NJTCA notice requirements apply as to all Defendants. Plaintiff has not filed any such tort claim notice with any of the defendants.

A court may, in its discretion, allow a plaintiff to file a late notice of claim if it finds that "the public entity or the public employee has not been substantially prejudiced" by the delay, and that there were "extraordinary circumstances" that led to the failure to file within the period of time prescribed. N.J. Stat. Ann. 59:8–9. Here, Plaintiff's claim accrued, at the latest, by the time he was released from prison in April or May 2010. There do not appear to be any "extraordinary circumstances" that prohibited him from filing a notice of claim by August 2010. Plaintiff points to his inability to investigate while he was in jail as justification, but even assuming that his claim did not accrue until his release, he was still required to file a notice of claim by August 2010. Since Defendants were not provided with any notice, and since Plaintiff has failed show extraordinary circumstances, this Court will not allow a late notice filing.

Since Plaintiff failed to comply with the NJTCA notice requirement, all tort claims

against Defendants are barred. While the motion to dismiss refers only to Plaintiff's negligence claim, Plaintiff appears to have asserted additional tort claims for false imprisonment and defamation or slander. These common law tort claims are also under the purview of the NJTCA, and are also barred due to Plaintiff's failure to comply with the notice requirement. *See Gibson v. Inacio*, No. 09-6356, 2010 U.S. Dist. LEXIS 106878, at *26 (D.N.J. Oct. 5, 2010) (barring a false imprisonment claim where no notice was filed); *Van v. Borough of North Haledon*, No. 2009 U.S. Dist. LEXIS 52221, at *37 (D.N.J. June 17, 2009) (holding that the NJTCA's notice requirement does apply to intentional torts, including defamation). The notice of claim provisions of the NJTCA do not apply to Plaintiff's federal claims brought under 42 U.S.C. § 1983 for violations of the Constitution. *See Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 601 n.3 (D.N.J. 2002) ("[t]he notice of claim provisions of the TCA do not apply to federal civil rights claims brought under 42 U.S.C. § 1983"). Therefore, Plaintiff's negligence, defamation or slander, and false imprisonment claims are dismissed as to all Defendants,[7] while Plaintiff's claims under the Fourth, Fifth, Eighth and Fourteenth Amendments remain as to all Defendants.

---

[7] Put another way, all of Plaintiff's common law tort claims are dismissed. This includes any additional common law tort claims made by Plaintiff in the Complaint that this Court failed to interpret as separate claims. This does not include any claims of constitutional violations. Additionally, since the Probation Division is also a public entity, and since Plaintiff has not claimed to have provided them with the required notice, the claims are dismissed as to the Probation Division as well as to the moving Defendants.

**III.    CONCLUSION**

For the reasons stated above, Defendants' motion is **GRANTED**, and Plaintiff's common law tort claims are **DISMISSED** as to all Defendants.  An Order accompanies this Opinion.


                                                         /s/ William J, Martini
                                                         **William J. Martini, U.S.D.J.**

**Date: December 9, 2010**